UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHEILA O.,

                              Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

Case No. C25-5614-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in January 1973, has a high school education, and has worked as a cashier.  AR 346, 443-44.  Plaintiff has been gainfully employed since 2022.  AR 953.

In September 2018, Plaintiff applied for benefits, alleging disability as of April 26, 2018.  AR 346, 951.  Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 950.  After the ALJ conducted hearings on September 17, 2020, and

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

July 29, 2021, she issued a decision finding Plaintiff not disabled.  AR 36.  Plaintiff appealed to the Appeals Council, which denied her request for review.  AR 1.  Subsequently, she appealed to this Court, which remanded with instructions to conduct a de novo hearing and to evaluate the opinions of Dr. Sylwester, Dr. Carter, and Dr. Normoyle, that had not been evaluated by the ALJ.  AR 1051-60.  A new ALJ conducted a third hearing on February 25, 2025.  AR 950.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff did not engage in substantial gainful activity from the alleged disability onset date, April 26, 2018, through December 31, 2021.

**Step two:**  Plaintiff had the following severe impairments:  lumbar spine degenerative disc disease, bilateral plantar fasciitis, migraine headaches, knee osteoarthritis and other knee abnormalities, and obesity.

**Step three**:  These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff could perform light work, that does not require standing or walking more than 1 hour at a time, for a total of 4 hours in an 8-hour workday; that does not require crouching, crawling, or climbing of ladders, ropes, or scaffolds; that does not require more than occasional stooping, kneeling, or climbing of ramps or stairs; that does not require more than occasional operation of foot controls; that does not require more than occasional exposure to extreme heat; and that does not require exposure to vibration, hazards, or pulmonary irritants.

**Step four**:  Plaintiff has no past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 950-72.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1.  Plaintiff appealed the final decision of the Commissioner

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

to this Court.  Dkt. 9.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case."  *Id.*

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## DISCUSSION

Plaintiff argues that the decision is tainted by an Appointments Clause violation and that the ALJ erred at step two and by misevaluating the medical opinion evidence and his subjective

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

symptom testimony.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.      *Cody v. Kijakazi* Does Not Apply

Plaintiff first argues that because the ALJ in the present case also adjudicated a denial of her disability in a previous case, before the ALJ was properly appointed, the present case is tainted by his prior decision.  Dkt. 18 at 3 (citing *Cody v. Kijakazi,* 48 F.4th 956, 963 (9th Cir. 2022)).

*Cody*, relied upon by Plaintiff, is distinguishable from this case.  In *Cody*, the Ninth Circuit held that an ALJ appointed in violation of the Appointments Clause may not personally rehear the case on remand once properly appointed, and then, on remand, subsequently rely upon their earlier unconstitutional decision in denying benefits.  48 F.4th at 958.

In *Cody*, the ALJ denied the claimant's benefits application in a 2017 decision, at which time the ALJ had not been properly appointed by the Commissioner of the Social Security Administration.  *Id.* at 959; *see also Lucia v. SEC*, 585 U.S. 237, 250-51 (2018) (holding that ALJ appointments must comply with the requirements of the Appointments Clause).  *Cody* subsequently appealed the ALJ's 2017 decision on the merits but did not raise an Appointments Clause challenge during their first appeal before the district court.  48 F.4th at 958.  The district court reversed on the merits and remanded the case to the ALJ for a rehearing.  *Id.*  The case was reassigned back to the same ALJ, whose appointment had since been properly ratified by the Commissioner.  *Id.*

In a subsequent 2019 decision on remand, the same ALJ denied benefits and "copied verbatim" portions of her analysis from her prior 2017 decision.  *Id.* at 962.  The claimant again appealed the 2019 decision to the district court, this time raising the Appointments Clause

violation in addition to challenges on the merits.  *Id.* at 958.  The district court nevertheless affirmed, denying the *Cody* claimant's Appointments Clause claim "because the 2017 decision had been vacated and [the ALJ] was properly appointed when she issued the 2019 decision."  *Id.* at 960.

The Ninth Circuit, however, disagreed, holding that in spite of the ALJ's corrected appointment, "the [ALJ's] second [2019] decision [nevertheless remained] tainted by the first [2017] decision," and that the claimant had the right to a new and different, constitutionally appointed ALJ during the post-2017 remand proceedings to remove the "taint" of the earlier, "pre-ratification ALJ decision."  *Id.* at 958.  The *Cody* Court thus reversed and remanded to the district court with instructions to return the case to the Commissioner to "assign a different, validly appointed ALJ to rehear and adjudicate [the claimant's] case de novo."  *Id.* at 962.

Here, unlike *Cody*, the application for benefits at issue involves a *new* claim for benefits. The second ALJ in this case did preside over Plaintiff's previous claim for benefits, but not the first decision in the present claim.  *See* AR 36, 149, 178, 973.  While the ALJ here did discuss Plaintiff's previous claim, he did so in the context of the presumption of continuing non-disability under *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988).  AR 950-51. That decision, which involved a 2012 application for SSI, was denied in a 2018 decision from this same ALJ and is not on appeal to this Court.  *See* AR 158-78.  Plaintiff does not provide the Court with any case law which would support an Appointments Clause violation under the facts of this case. Accordingly, the Court rejects Plaintiff's challenge to the ALJ's decision on this ground.

**B.    The ALJ Did Not Err at Step Two**

Confusingly, Plaintiff argues the ALJ erred in failing to include her mental health diagnoses as "severe" but then concludes this section by stating:  "The ALJ's harmful error here

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

was not at step-two; his harmful error was in failing to include in his residual functional capacity assessment all of the limitations associated with Owen's mental impairments, which the ALJ erroneously identified as non-severe." Dkt. 18 at 3-4.

Failing to find an impairment severe would be a step two error. In practice, "the step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[Step two] is not meant to identify the impairments that should be taken into account when determining the RFC." *Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017). Accordingly, any failure to classify an impairment as non-severe at step two is harmless if the ALJ subsequently considered the limitations posed by that impairment at a later step in the inquiry. *See McGuire v. Kijakazi*, No. 20-35898, 2021 WL 5861284, at *1 (9th Cir. Dec. 7, 2021) (finding that the ALJ's error at step two was harmless since the ALJ considered the non-severe impairment later in the inquiry); *Tadesse v. Kijakazi*, No. 20-16064, 2021 WL 5600149, at *1 (9th Cir. Nov. 30, 2021) ("Although an error at step two may be considered harmless where the ALJ moves to the next step in the analysis, the decision must reflect that the ALJ considered any limitations posed by the impairment at either step four or step five.").

Here, the ALJ considered Plaintiff's mental impairments at later stages of the inquiry. Plaintiff would prefer that the ALJ had included mental limitations in her RFC. However, it is not this Court's place to reweigh the evidence, nor will it develop arguments for Plaintiff based on the bare assertion of fact presented here. *See Thomas*, 278 F.3d at 954; *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when a host of other issues are presented for review."). Plaintiff also takes issue with the ALJ citing notes from non-mental

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

health providers to support the proposition that she "did not receive any other treatment for her mental health conditions during the relevant period[.]" Dkt. 18 at 4, AR 955. Yet, she does not provide the Court with evidence of mental health treatment to consider. Accordingly, the Court finds no error at step two.

**C.    The ALJ Did Not Err in Evaluating the Medical Opinion Evidence**

The regulations applicable to this case require the ALJ to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). These findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff argues "a reasonable ALJ who properly evaluated the medical evidence . . . could have reached a different disability determination." Dkt. 18 at 13. Just because "the ALJ *could* have come to a different conclusion" does not mean the ALJ erred. *Shaibi v. Berryhill*, 870 F.3d 874, 879-80 (9th Cir. 2017) (emphasis in original). Nonetheless, the Court considers Plaintiff's arguments as presented.

*1.    Other Medical Evidence*

Despite this Court's repeated admonishments of counsel,[3] and in contravention of the Court's scheduling order, Dkt. 13 at 2, Plaintiff's brief spends nearly three full pages summarizing the medical evidence in the case. Dkt. 18 at 10-12. Neither the bare assertion of an issue, nor summaries of evidence unaccompanied by analysis or legal arguments suffice to demonstrate harmful error. *See Greenwood*, 28 F.3d at 977; *see also Putz v. Kijakazi*, No. 21-

---

[3] *See, e.g., Joseph L.S.C. v. Comm'r of Soc. Sec.*, No. C23-5246-SKV, 2024 WL 4471778, at *4 (W.D. Wash. May 22, 2024) (warning the same counsel as in the current case that his failure to adequately develop arguments may prejudice his clients and listing other cases where he was previously admonished); *Brian J.C. v. Comm'r of Soc. Sec.*, No. C24-5294-SKV, 2025 WL 1149711, at *6-7 (W.D. Wash. Apr. 18, 2025) (same); *Andrew H. v. Comm'r of Soc. Sec.*, No. C24-5967-SKV, 2025 WL 2930930, at *3 (W.D. Wash. Oct. 15, 2025) (same).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

35733, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022) (finding that plaintiff, who was represented by the same counsel as in this case, waived any points offered either through bare assertions of error or through lists of "numerous clinical findings, unaccompanied by argument, intended to corroborate testimony the ALJ discounted").  Because "arguments not raised by a party in an opening brief are waived[,]" *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009), the Court herein considers only those arguments first raised "'specifically and distinctly'" in Plaintiff's opening brief.  *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoted source omitted).

> 2.    *Patricia Sylwester, M.D.*

The ALJ considered Dr. Sylwester's opinion and discounted it as it was issued a year prior to the relevant period and inconsistent with the medical record.  AR at 968.  Specifically, the ALJ found that Dr. Sylwester's opinion was inconsistent with the records during the relevant period and the opinion of Robert C. Thompson, M.D., which the ALJ found "largely persuasive."  AR 967-68.

First, opinions that pre-date the alleged onset of disability are of limited relevance, *Carmickle v. Comm'r*, SSA, 533 F.3d 1155, 1165 (9th Cir. 2008), and it was accordingly reasonable of the ALJ to discount Dr. Sylwester's opinion for this reason.  Second, an ALJ may properly discount an opinion which is inconsistent with medical evidence.  *See, e.g., Smartt v. Kijakazi*, 53 F.4th 489, 496 (9th Cir. 2022) (ALJ properly discounted treating physician's opinion that was inconsistent with the treatment record showing normal findings and evidence of improvement).  Plaintiff conclusorily argues "there is no evidence that Owen's physical functioning significantly improved between April 2017 and December 2021" without citation to the record or any evidence or argument to support this position.  Dkt. 18 at 5.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

Lastly, Plaintiff argues the ALJ should not have considered Dr. Thompson's opinion persuasive because he opined that Plaintiff had a normal range of motion in her ankle, but there was a medical note which indicated ankle dorsiflexion at 10 degrees.  Dkt. 18 at 13 (citing AR 92, 862).  While an ALJ must explain why he rejects medical opinion evidence, no such requirement exists where the ALJ accepts medical opinion evidence.  *See* 20 C.F.R. § 416.927; *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (explaining that the ALJ is not required to provide clear and convincing reasons where the ALJ is not rejecting medical opinion evidence); *cf.* Social Security Ruling 96-8p (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").  And, as the Commissioner correctly argues, Plaintiff has not shown that her dorsiflexion of 10 degrees rather than 20 degrees would have reasonably resulted in greater limitations than those assessed by the ALJ.  *See* Dkt. 22 at 17 (citing *Valentine v. Comm'r SSA*, 574 F.3d 685, 692 n.2 (9th Cir. 2009)).  The ALJ is responsible for weighing the evidence, *Andrews*, 53 F.3d at 1039, and Plaintiff has given this Court no reason to overturn the ALJ's rational interpretation of the evidence.

   3. *Frances Carter, Ph.D.*

The ALJ considered Dr. Carter's May 2017 opinion and discounted it as it predated the relevant period, was unsupported, and inconsistent with the longitudinal medical record.  AR 970.  Plaintiff challenges this analysis by summarizing Dr. Carter's opinion and repeating the same conclusory arguments used to address Dr. Sylwester's opinion.  Dkt. 18 at 6.  For the reasons stated above, Plaintiff has not met her burden of showing error in the ALJ's assessment.  *See Ludwig v. Astrue*, 681 F.3d 1047, 1053 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his 'substantial rights'").

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

> 4.    *Tre Normoyle, Ph.D.*

Plaintiff disagrees with the ALJ's assessment of Dr. Normoyle's opinion because the opinion offers an assessment that she "experiences vegetative symptoms of depression that impact her daily life[,]" and, though the opinion was issued in July 2017, she continued to experience mental health symptoms during the relevant period.  Dkt. 18 at 6-7.  Plaintiff does not provide any citation to support the later assertion.

As discussed above, the fact an opinion pre-dates the alleged onset of disability is a legitimate reason to discount a medical opinion.  Plaintiff does not dispute that Dr. Normoyle discharged her in June 2018, two months after the alleged onset of disability, because she had completed treatment.  AR 969 (citing AR 578).  Nor was it unreasonable of the ALJ to conclude that Dr. Normoyle's opinion did not constitute an opinion which assessed functional capabilities as contemplated in the regulations.  AR 969 ("The doctor does not even address the claimant's ability to work") (citing 20 C.F.R. § 416.927(a)(1)).  Accordingly, the ALJ did not err in his assessment of Dr. Normoyle's opinion.

> 5.    *Terilee Wingate, Ph.D.*

The ALJ considered Dr. Wingate's opinion and found it unpersuasive as reliant on Plaintiff's unreliable self-reports, unsupported, and inconsistent with the longitudinal medical record.  AR 968-69.  Plaintiff summarizes Dr. Wingate's opinion and offers an alternate interpretation of the evidence relied on by the ALJ, and conclusorily states "[t]he ALJ does not identify any meaningfully inconsistent evidence" without giving the Court citations or analysis which show that is the case.  *See* Dkt. 18 at 8.

Further, while psychiatric evaluations necessarily rely on a patient's self-reports, *see Buck*, 869 F.3d at 1049, an ALJ may properly reject a medical opinion which relies on a

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 10

claimant's unreliable self-reports. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1228 (9th Cir. 2009). The ALJ properly discounted Plaintiff's testimony, as explained below.  Further, the ALJ found that Plaintiff's report of considerable mental health difficulties was inconsistent with her self-report less than six months later of only minimal symptoms, consistent denial of symptoms to other providers, and inconsistent reasons for not taking medication to help her mental health.[4] AR 969.  This was a reasonable basis to discount Dr. Wingate's opinion.

### 6.    Nathan Sackett, M.D.

The ALJ considered Dr. Sackett's opinion, which assessed no mental health limitations, and found it persuasive.  AR 969.  Plaintiff, understandably, would prefer the ALJ had given this opinion less weight, and believes the RFC should have included a limitation to account for Dr. Sackett indicating she had a fair, rather than good, ability to maintain regular attendance.  Dkt. 18 at 9-10.  Plaintiff's view is that a fair ability to maintain regular attendance indicates a severe mental impairment.  *See* Dkt. *id*.; Dkt. 23 at 5-6.

The Court declines Plaintiff's invitation to substitute its judgment for that of the Commissioner's.  It was reasonable of the ALJ to conclude that a fair ability did not indicate a significant limitation as contemplated under the regulations.  *See* AR 969; 20 C.F.R. § 416.922. Nor will the Court find that the ALJ failed to account for Plaintiff's limitations in some unspecified way.  *See Valentine*, 574 F.3d at 692 n.2 ("We reject any invitation to find that the ALJ failed to account for Valentine's injuries in some unspecified way.").  The ALJ also found Dr. Sackett's opinion consistent with Plaintiff's activities, which included working part-time at

---

[4] Plaintiff nonsensically argues that "there is no meaningful inconsistency between [her] report that 'she had discontinued psychotropic medications due to a lack of response' and her report that 'fluoxetine had been helpful in the past and that she had stopped taking medication due to adverse side effects.'"  Dkt. 18 at 8-9.  The Court fails to see how providing two different providers with two completely different reasons for not taking psychotropic medications is anything but inconsistent.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 11

Burger King and full time at H&R Block. AR 969. Overall, the ALJ gave more than sufficient reasons to accept Dr. Sackett's opinion and reject the inconsistent opinions of the other doctors discussed above. Accordingly, the ALJ did not err in evaluating the medical evidence.

**D.    The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

Absent evidence of malingering, an ALJ must provide "specific, clear, and convincing" reasons supported by substantial evidence to discount a plaintiff's testimony. *Trevizo v. Berryhil*, 871 F.3d 664, 678 (9th Cir. 2017). That said, the ALJ need not believe every allegation, nor analyze testimony line by line. *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021); *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The question is not whether this Court is convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

The ALJ considered Plaintiff's testimony and discounted it as inconsistent with the medical record, including minimal treatment and improvement with treatment, and her activities. AR 959-66. This was a proper basis for the ALJ to discount Plaintiff's testimony. *See, e.g., Smartt*, 53 F.4th at 498-500 (ALJ properly considers inconsistency between testimony and objective medical evidence, as well as inconsistency with activities); *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled[.]"); *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 12

At her most recent hearing, Plaintiff testified, in part, that had she had the medical help she currently has ("different exercises to do with your feet and everything to help lessen the pain") she would have been able to do her current work in 2018.  AR 995.  Beyond that, the ALJ provided an extensive list of Plaintiff's statements and inconsistencies from contemporaneous reports, appropriately linking the portion of testimony he was discounting to the contradictory evidence.  *See* AR 964-66; *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1102 (9th Cir. 2014) ("we require the ALJ to specifically identify the testimony from a claimant she or he finds not to be credible and explain what evidence undermines the testimony." (cleaned up)).  As just one example, though Plaintiff testified that she suffered from fatigue due to anemia, AR 54, she contemporaneously denied both fatigue and anemia.  AR 965; *see also*, *e.g.*, AR 791 (noting patient negative for chills, fatigue, and fever), 804 (same), 873 ("The patient **denies** history of . . . Anemia"), 874 ("Denied: Chills.  Fatigue"), 878 (same), 883 ("The patient **denies** history of . . . Anemia").  Similar contradictory medical evidence exists for her other health complaints.  *See* AR 964-66.

Moreover, the ALJ found Plaintiff's extensive activities during the period at issue contradicted her testimony.  Though she reported she had disabling physical pain and that she had "become a hermit[,]" she shopped, socialized, worked part time at Burger King on her feet for six to eight hours, worked "under-the-table" as a babysitter, and traveled to Wisconsin.  AR 964-66; *see also*, *e.g.*, AR 103 (explaining she flew to Wisconsin), 421 (goes grocery shopping once a month), 571 ("She said that she has been doing child care as a way to make ends meet and is loving it."), 740 ("Currently reports engaging in childcare in her home. Reports being able to manage 2-3 kids at a time without any difficulty."), 756 ("She said her best friend lives two door down and they will often cook for each other and they eat dinner together."), 770 ("The pt states

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 13

that she works at Burger king and is on her feet for almost 6-8 hours."), 852 ("sx are worst in the evening after standing at work for most of the day").  It was reasonable of the ALJ to find that the evidence "[did] not show a particular improvement or change in the claimant's condition around the time of starting the work" and to determine that she was less limited than alleged during the relevant period.  AR 966.  Plaintiff's summary of evidence and haphazard citation to questionably relevant case law does not render the ALJ's decision unpersuasive.  Accordingly, the ALJ did not err in evaluating her symptom testimony.

As Plaintiff's remaining arguments regarding the ALJ's determination of her RFC and ultimate non-disability determination are derivative of her arguments relating to the ALJ's assessment of the evidence, they also fail.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 10th day of June, 2026.


S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 14